IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JACK SCOTT, | ) Civil Action No. 1:08-3863-MBS-JRM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| WACKENHUT SERVICES INC., SAVANNAH RIVER SITE, | ) |
| Defendant. | ) |

The Plaintiff has filed this action, *pro se*, seeking relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. The Defendant filed a motion to dismiss on April 24, 2009, pursuant to Rule 12(b)(6), Fed.R.Civ.P.. As the Plaintiff is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was entered by the Court on April 27, 2009, advising Plaintiff of the importance of a motion to dismiss and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case. Plaintiff requested an extension of time to July 17, 2009, in which to file his response, and his motion was granted on June 4, 2009.

However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, and also having been given an extension, the Plaintiff failed to respond to the motion. As the Plaintiff is proceeding *pro se*, the court filed a second order on July 28, 2009, advising Plaintiff that it appeared to the Court that he was not opposing the motion and wished to abandon this action, and giving the Plaintiff an additional fifteen (15) days in which to file his response to the Defendants' motion for summary judgment. The Plaintiff was specifically warned that if he failed to respond, this action would be recommended for dismissal with prejudice for failure

to prosecute. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), Rule 41(b) Fed.R.Civ.P. On August 12, 2009, Plaintiff again requested an extension of time, and Plaintiff was granted an extension to September 4, 2009 in which to respond to the Defendant's motion.

Notwithstanding this second warning and an additional extension of time, the Plaintiff still did not respond. Therefore, Plaintiff meets all of the criteria for dismissal under Chandler Leasing Corp.v. Lopez, 669 F.2d 919 (4th Cir. 1982).[1] Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution. See Davis, 558 F.2d at 70; Rule 41(b), Fed.R.Civ.P.; Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].

                                                  Joseph R. McCrorey
                                                  United States Magistrate Judge

Columbia, South Carolina

September 21, 2009

**The parties are referred to the Notice Page attached hereto**.

---

[1] He is personally responsible for proceeding in a dilatory fashion, the Defendants are suffering prejudice by continuing to have these claims clouding their careers and continuing to incur legal expenses, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided. Lopez, 669 F.2d at 920.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).