IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jack Scott, ) | |
| ) | C/A No. 1:08-3863-MBS-JRM |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Wackenhut Services Inc., ) | |
| Savannah River Site, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

On November 24, 2008, Plaintiff Jack Scott filed a *pro se* action against his former employer, Defendant Wackenhut Services, Inc. In his complaint, Plaintiff claims he was wrongfully terminated from his job by Defendant. This termination allegedly stemmed from psychological information about Plaintiff's relationship with his daughter that Defendant obtained from Plaintiff's participation in recommended therapy sessions. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph McCrorey for pretrial handling. The Magistrate Judge reviewed the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which allows a district court to summarily dismiss a case brought *in forma pauperis* upon a finding that the action fails to state a claim on which relief may be granted, or is frivolous or malicious. The Magistrate Judge filed a Report and Recommendation on December 11, 2008, recommending that this court dismiss the complaint without prejudice. On February 9, 2009, this court issued an order rejecting the Magistrate Judge's Report and Recommendation because Defendant cured the defect upon which the Magistrate Judge based his recommendation.

Defendant filed a motion to dismiss Plaintiff's amended complaint on April 24, 2009. An order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued by the Magistrate

Judge on April 27, 2009, advising Plaintiff of the need to file an adequate response to the motion to dismiss within thirty-four (34) days. On June 4, 2009, the Magistrate Judge granted Plaintiff's request for an extension of time to file a response by July 17, 2009. Plaintiff failed to submit a response by July 17, 2009. The Magistrate Judge then issued a second order granting Plaintiff an additional fifteen (15) days to file a response and warning Plaintiff that if he failed to respond his case would be recommended for dismissal. On August 12, 2009, Plaintiff requested an additional extension of time to file a response, and the Magistrate Judge ordered that Plaintiff respond by September 4, 2009. Because Plaintiff failed to file a response to Defendant's motion to dismiss by September 4, 2009, the Magistrate Judge filed a Report and Recommendation, recommending this case be dismissed with prejudice for lack of prosecution. Defendant filed an objection to the Report and Recommendation on October 7, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

In his objection, Plaintiff reiterates the factual allegations set forth in his complaint, and states "[t]hese are my objections to Wackenhut Services Incorp. wrongful termination."

Plaintiff's objection fails to direct the court's attention to a specific error in the Magistrate Judge's proposed findings and recommendations. Nevertheless, the court has conducted a *de novo* review of the complaint and declines to adopt the Magistrate Judge's recommendation that this case be dismissed for failure to prosecute. The court hereby grants Plaintiff an additional **thirty days (30)** from the date of entry of this order to respond to Defendant's motion to dismiss. If Plaintiff fails to file a response within thirty days, Defendant's motion to dismiss may be granted, thereby ending this case. Accordingly, this case is remanded to the Magistrate Judge for further pretrial handling.

    **IT IS ORDERED**.

    s/Margaret B. Seymour
    United States District Judge

January 26, 2010
Columbia, South Carolina