IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jack Scott, ) | |
| ) | C/A No. 1:08-3863-MBS-JRM |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND O R D E R** |
| Wackenhut Services Inc., ) | |
| Savannah River Site, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on Defendant Wackenhut Services' ("Defendant") motion to dismiss Plaintiff Jack Scott's ("Plaintiff") *pro se* complaint. For the reasons set for the below, the court grants Defendant's motion and dismisses Plaintiff's complaint without prejudice.

I. **PROCEDURAL BACKGROUND**

On November 24, 2008, Plaintiff Jack Scott filed a *pro se* action against his former employer, Defendant Wackenhut Services, Inc. Entry 1. In his complaint, Plaintiff claims he was wrongfully terminated from his job by Defendant. This termination allegedly stemmed from psychological information about Plaintiff's relationship with his daughter that Defendant obtained from Plaintiff's participation in recommended therapy sessions. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph McCrorey for pretrial handling. The Magistrate Judge reviewed the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which allows a district court to summarily dismiss a case brought *in forma pauperis* upon a finding that the action fails to state a claim on which relief may be granted, or is frivolous or malicious. The Magistrate Judge filed a Report and Recommendation on December 11, 2008, recommending that this court dismiss Plaintiff's complaint without prejudice. Entry 8. On

December 22, 2008, Defendant filed an amendment to his complaint, wherein he requested punitive and compensatory damages in the amount of one hundred and twenty-five million dollars ($125,000,000.00). Entry 12. On February 9, 2009, this court issued an order rejecting the Magistrate Judge's Report and Recommendation because Defendant cured the defect upon which the Magistrate Judge based his recommendation. Entry 17.

On April 24, 2009, Defendant filed a motion to dismiss Plaintiff's complaint on the grounds that Plaintiff's complaint does not allege a violation of Title VII and that this court has no jurisdiction to hear charges of unfair labor practices under the National Labor Relations Act ("NLRA"). Entry 26. An order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued by the Magistrate Judge on April 27, 2009, advising Plaintiff of the need to file an adequate response to the motion to dismiss within thirty-four (34) days. Entry 27. On June 4, 2009, the Magistrate Judge granted Plaintiff's request for an extension of time to file a response by July 17, 2009. Entry 31. Plaintiff failed to submit a response by July 17, 2009. Entry 33. The Magistrate Judge then issued a second order granting Plaintiff an additional fifteen (15) days to file a response and warning Plaintiff that if he failed to respond his case would be recommended for dismissal. Entry 35. On August 12, 2009, Plaintiff requested an additional extension of time to file a response. Entry 37. The Magistrate Judge ordered that Plaintiff respond by September 4, 2009. Entry 38.

Because Plaintiff failed to file a response to Defendant's motion to dismiss by September 4, 2009, the Magistrate Judge filed a Report and Recommendation, recommending this case be dismissed with prejudice for lack of prosecution. Entry 40. Defendant filed an objection to the Report and Recommendation on October 7, 2009. Entry 42. On January 26, 2010, this court entered an order rejecting the Magistrate Judge's recommendation and granting Plaintiff an additional thirty

2

days to respond to Defendant's motion to dismiss. Entry 43. Plaintiff filed a response in opposition to the motion to dismiss on February 18, 2010. Entry 46. Defendant filed a reply to Plaintiff's response on February 24, 2010. Entry 47. The Magistrate Judge issued a Report and Recommendation on March 1, 2010, recommending that Defendant's motion to dismiss be granted. Defendant filed an objection to the Magistrate Judge's recommendation on March 15, 2010. Entry 49.

## II. **FACTUAL BACKGROUND**

The relevant facts as set forth in Plaintiff's complaint are as follows. Defendant is a contractor who provides security and maintains an armed protective force for the U.S. Department of Energy's ("DOE") Savannah River Site ("SRS"). Plaintiff was employed by Defendant as an armed security police officer at SRS. As an armed security police officer, federal regulations required Plaintiff to be assessed annually for psychological fitness for duty. See 10 C.F.R. § 712.14(b)(1) and (f). During a psychological assessment in 2005 or 2006, Plaintiff admitted to a DOE designated psychologist that he spanked his daughter several times because she was unruly at home and at school. The DOE designated psychologist told Plaintiff that he could not discipline his daughter and had to find an off-site psychologist to work with him and his daughter. The off-site psychologist told Plaintiff that Plaintiff could not spank his daughter. Plaintiff reports that he called the police to his house several times when his daughter got out of control, and that the police determined that Plaintiff did not do anything wrong. Plaintiff also reports that the off-site psychologist called child services on at least one occasion and that child services determined that Plaintiff did not do anything wrong. Plaintiff argues that if he had a bad record, he would not have been hired for his current position at the Department of Juvenile Justice.

3

### III. **DISCUSSION**

Defendant argues this case should be dismissed because Plaintiff's complaint does not allege a violation of Title VII and this court has no jurisdiction to hear charges of unfair labor practices under the NRLA. The Magistrate Judge agreed with Defendant and recommended that Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

In his objection, Plaintiff reiterates the same allegations stated in his complaint. Plaintiff's objection fails to direct the court's attention to a specific error in the Magistrate Judge's report and recommendation. Nevertheless, the court has conducted a *de novo* review of the complaint and hereby adopts the Magistrate Judge's recommendation that Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's complaint appears to bring claims under the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq. ("Title VII") and the National Labor Relations Act, 29 U.S.C. § 151 et seq. ("NLRA"). Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge

4

any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individuals race, color, religion, sex, or national origin. . . ." 42 U.S.C.§ 2000e-2(a)(1). Plaintiff does not allege in his complaint that Defendant discriminated against him because of his "race, color, religion, sex, or national origin." Therefore, Plaintiff's complaint fails to state a claim for relief under Title VII. To the extent that Plaintiff's complaint attempts to bring a claim under the NRLA for unfair labor practices, this court has no jurisdiction to consider such a claim. The National Labor Relations Board ("NLRB") has the exclusive original jurisdiction over unfair labor practice claims. See San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon, 359 U.S. 236, 242-45 (1959) (the NLRB has exclusive jurisdiction over disputes that are subject to § 7 or § 8 of the NLRA); see also Richardson v. Kruchko & Fries, 996 F.2d 153, 155 (4th Cir. 1992).

## IV. CONCLUSION

Defendant's motion to dismiss (Entry 26) is hereby **granted.** Plaintiff's complaint is hereby dismissed without prejudice and without issuance and service of process. The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS ORDERED**.

s/Margaret B. Seymour
United States District Judge

March 23, 2010
Columbia, South Carolina